UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA BLACK HAWK,<br><br>Defendant. | 3:21-CR-30037-RAL<br><br><br>ORDER GRANTING MOTION FOR RECONSIDERATION |

Delta Black Hawk filed notice under Rule 12.2(a) of the Federal Rules of Criminal Procedure that she intends to raise an insanity defense. Doc. 24. The government responded by requesting that Black Hawk undergo a custodial mental health examination to determine whether she was insane at the time of the offense charged. Doc. 25. Black Hawk then filed a letter asking that the Court consider having her evaluated in South Dakota so that she could remain out of custody or alternatively having her self-surrender or self-transport to the BOP facility conducting the evaluation. Doc. 26. Black Hawk's letter did not cite any authority for her request to be evaluated on an outpatient basis. This Court granted the government's request for a custodial mental health examination, concluding that it was not a district court's role to choose the government's psychiatric expert. Doc. 27. This Court allowed Black Hawk to remain out on third-party release until the examination could be arranged. Doc. 27.

Black Hawk has now moved for this Court to reconsider its grant of the government's motion for a custodial examination. Doc. 28. Relying on the Eighth Circuit's decision in United

1

States v. Neal, 679 F.3d 737 (8th Cir. 2012), Black Hawk requests a hearing to determine whether a custodial examination is justified.

No one disputes that Black Hawk must undergo a mental health examination. Rule 12.2(c)(1)(B) provides that if a defendant gives notice of an insanity defense under Rule 12.2(a), "the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242." Section 4242(a) affirms that the mental examination is mandatory and references the procedures outlined in 18 U.S.C. § 4247(b) and (c). 18 U.S.C. § 4242(a). The question here is whether, under § 4247(b), Black Hawk's examination should involve custodial commitment.

Section 4247(b) gives courts discretion to commit a defendant to the Attorney General's custody for a mental health examination. § 4247(b); Neal, 679 F.3d at 740. This discretion, however, is still "subject to due process requirements." Neal, 679 F.3d at 740. A defendant on pretrial release should not be confined unless it is "reasonably necessary to assure his presence at trial or to protect some other governmental interest." Id. at 741 (citation omitted). The Neal decision makes clear that district courts should not require a custodial mental health examination without at least making some findings about the need to detain the defendant. The Eighth Circuit in Neal vacated a district court order requiring a defendant out on pretrial release to undergo a custodial competency evaluation because the district court "did not conduct a hearing, require the government to present evidence to justify the inpatient commitment, seriously consider the defendant's alternative request for an outpatient evaluation, or make findings of fact concerning the need for commitment." Id. at 742.[1] Without such findings, the Eighth Circuit could not determine whether the district court's order satisfied due process. Id.

---

[1] Although Neal concerned a request for a competency evaluation, the decision relied on In re Newchurch, (5th Cir. 1986), a case involving § 4242 and an insanity defense. See also United States v. Song, 530 F. App'x 255, 260–61 (4th Cir. 2013) (per curiam) (vacating a commitment

2

This Court grants Black Hawk's motion to reconsider. The proceedings thus far fall short of Neal; the government has not offered any evidence to justify inpatient commitment and this Court's prior order did not make any factual findings about the need for such commitment. If the government still wants a custodial mental health examination, this Court will hold a hearing at which the government can present evidence on the need for detention. A hearing will be unnecessary if the government agrees that the examination can be conducted on an outpatient basis here in South Dakota. Black Hawk suggests that Dr. Scott Pribyl in Sioux Falls could conduct the examination.

Accordingly, it is hereby

ORDERED that Black Hawk's Motion for Reconsideration, Doc. 28, is granted. It is further

ORDERED that this Court's Order Granting Motion for Psychiatric Exam, Doc. 27, is quashed. It is further

ORDERED that the government has until January 21, 2022, to notify this Court whether it is still requesting that Black Hawk undergo a custodial mental health examination.

DATED this 19th day of January, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

---

order because the district court did not make any factual findings about or receive any evidence on the need for a custodial mental health examination to determine whether the defendant was insane at the time of the offense charged).